UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW, et al.<br><br>　　　　　Defendants. | 15-cv-00395---GSA<br><br><br>FIRST INFORMATIONAL ORDER |

### INFORMATIONAL ORDER TO PRO SE LITIGANTS

Parties to this litigation shall take note of the following requirements:

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). This order highlights specific rules of which the parties should take particular note. **Failure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal, entry of default or other appropriate sanctions.** *See* Local Rule 110; Fed. R. Civ. P. 41(b).

　　　　1.　　Documents intended to be filed with the Court must be mailed to the Clerk of the Court. *See* Local Rule 134(a). **All documents improperly mailed to a judge's chambers will be stricken from the record.** A document requesting a Court order must be styled as a motion. *See* Fed. R. Civ. P. 7.

　　　　2.　　Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 131; Fed. R. Civ. P. 11(a). **All documents submitted without**

**the required signature(s) will be stricken.**[1] Each separate document must be separately stapled. *See* Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3. All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. *See* Local Rule 133(d)(2). **A document submitted without an extra copy for the Court's use will be stricken.** If the filing party wishes the Court to return a file-stamped copy, he or she must include an additional copy for that purpose (*i.e.*, submit an original and two copies, one for the Court's use and one to be returned). **The Court cannot provide copy or mailing service for a party**, even for an indigent plaintiff proceeding *in forma pauperis*. Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid. Copies of documents from the Court file may be obtained at the cost of fifty cents per page.

4. After any defendants have appeared in an action by filing a pleading responsive to the complaint (*i.e.*, an answer or a motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. *See* Fed. R. Civ. P. 5; Local Rule 135(c). **A document submitted without the required proof of service will be stricken**. Where a party is represented, service on the party's attorney of record constitutes effective service.

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned. Where Plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. **Documents submitted listing more than one case number in the caption will be stricken.**

6. The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). **Evidence improperly submitted to the Court will be stricken and returned to the party.** No discovery

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

2

1  may be conducted until an answer is filed and the court issues an order opening discovery.
2  Discovery propounded on a party is self-executing, and must be served directly on the party from
3  whom discovery is sought; parties should not file copies of their discovery with the court. *See*
4  Local Rules 250.1, 250.2, 250.3. **Discovery documents inappropriately submitted to the court**
5  **will be stricken**. Where the response to discovery is unsatisfactory, the party seeking discovery
6  may file a motion to compel discovery, including a copy of the discovery propounded and the
7  response thereto. *See* Fed. R. Civ. P. 37.

8      7.    All Court deadlines will be strictly enforced. Requests for time extensions must
9  state the reason the extension is needed and must be filed with the Court before the deadline in
10 question. *See* Local Rule 144.

11     8.    A plaintiff proceeding *in propria persona* has an affirmative duty to keep the
12 Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to
13 file a notice of change of address, service of Court orders at plaintiff's prior address shall
14 constitute effective notice. *See* Local Rule 182(f). If mail directed to plaintiff is returned by the
15 U.S. Postal Service as undeliverable, the Court will not attempt to re-mail it. **If the address is not**
16 **updated within 60 days of the mail being returned, the action will be dismissed for failure to**
17 **prosecute**. *See* Local Rule 183(b).

18     9.    Due to the press of business, the Court cannot respond to individual requests for
19 the status of cases. Any such requests will be denied. So long as the parties inform the Court of
20 any address changes in compliance with Local Rule 183(b), the Court will notify the parties of
21 any Court action taken in their case.

22     14.    The failure of any party to comply with this order, the Federal Rules of
23 Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including,
24 but not limited to, dismissal of the action or entry of default.

25
26 IT IS SO ORDERED.
27     Dated: __**March 19, 2015**__         __/s/ **Gary S. Austin**__
28                                     UNITED STATES MAGISTRATE JUDGE