1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **EASTERN DISTRICT OF CALIFORNIA**

8

9 PHILLIP SANDERS,                    15-cv-395 ---EPG

10            Plaintiff,

11      v.                            ORDER DISMISSING COMPLAINT WITH
                                      LEAVE TO AMEND
12 MATTHEW *et al*.,

13            Defendants.

14                                    (Docs. 13 and 16)

15 **I.      INTRODUCTION**

16          Plaintiff, Phillips Sanders ("Plaintiff") appearing *pro se* and *informa pauperis*, has filed a

17 complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 against the following

18 Defendants: Fresno Police Officers Matthew, (ID # P1585") and Sturgeon (ID# P1585); Fresno

19 Public Defenders Sabrina Ashjian and John Shinaver; Fresno County Assistant District Attorneys

20 Stacy Whillips and John Gatschet; Probation Officer Keyana Davis; Frenso County Superior

21 Court Appeals Clerk R. Arreola: and Kate Dashiel of the Central California Appellate Program

22 ("CCAP"). Plaintiff also alleges several state law claims including criminal negligence, reckless

23 endangerment, intentional neglect, and malpractice against these Defendants.[1] Additionally,

24 Plaintiff has filed two requests that the Court issue summonses in this case. (Docs. 5 and 7). The

25 Court has screened Plaintiff's pleading and dismisses the complaint with leave to amend.

26

27 ---
[1] This is not an exhaustive list of all of Plaintiff's causes of action. Plaintiff's complaint is a long list of allegations
and violations, and the Court cannot discern which cause of action relates to each Defendant. In this order, the Court
has done its best to present Plaintiff's claims in an organized fashion in an attempt to give Plaintiff guidance on his

28 claims.

1   Additionally, Plaintiff's Motions for the Issuance of Summonses are DENIED. (Doc. 5 and 7).

2       Plaintiff's lawsuit appears to challenge his state criminal conviction and the various court

3   and attorney personnel who participated in that conviction.  Based on many doctrines, including

4   judicial immunity, this Court cannon hear a case that challenges the conduct of judicial officers

5   and lawyers in another state case.  If Plaintiff believes he has been wrongfully convicted, there

6   are methods to appeal that conviction, which it appears Plaintiff has pursued.  But the current case

7   does not state a viable claim in this court.

8   **II.    DISCUSSION**

9   **A.  Legal Standard for Screening**

10      Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

11  to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

12  malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

13  the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id*. Leave to

14  amend may be granted to the extent that the deficiencies in the Complaint can be cured by

15  amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Courts deem a complaint

16  "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325,

17  109 S.Ct. 1827 (1989). In other words, a complaint is frivolous where the litigant asserts "not

18  only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at

19  325.

20      To state a claim, a complaint must contain "a short and plain statement of the claim

21  showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual

22  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

23  supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

24  129 S.Ct. at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

25  1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to

26  'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*,

27  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at

28  678.

To determine whether a Complaint states an actionable claim, the Court must accept the allegations in the Complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### B.  Plaintiff's Complaint

The allegations in Plaintiff's complaint are unclear but appear to stem from an incident on or about July 17, 2013, when he was arrested for assault with a deadly weapon, and a domestic violence offense.  Plaintiff contends that a disagreement occurred when a "young lady that did not live with him," asked him for some money. (Doc. 1, pgs. 15, lines 3-15).  When he told her, "no," she became angry.  *Id*.  He alleges he ran to his house and locked the gate and the front door to get away from the woman, but she climbed the gate and kicked in his front door.  *Id*.  He was in shock and dragged the woman out of his house, "without any bodily injury," and told her to leave. *Id*. He realized that she was calling the police, so he ran after her and yelled that she had kicked in his door so the police could hear his version of events on the 911 call.  The police arrived at the scene and arrested Plaintiff.  Plaintiff was eventually convicted of a domestic violence offense.[2]

The bulk of Plaintiff's complaint revolves around allegations that his public defender Sabrina Ashjian engaged in ineffective assistance of counsel during his criminal proceedings because she failed to get any discovery, did not properly investigate his case before encouraging him to plead, improperly permitted the imposition of felony probation on a misdemeanor conviction, and failed to request a stay of probation pending an appeal. *Id*. at pgs. 18-22.  He also alleges that his bail was too high, and he was improperly ordered to pay a domestic violence fee that he could not afford.[3] *Id*. at pgs. 19-20.

---

[2] The complaint does not identify the specific offense underlying his conviction.

[3] Plaintiff contends that the bail amount was improperly imposed because his public defender did not argue to have it reduced, and she gave the judge incorrect information for the reasons he did not appear at a hearing. *Id*. at  pgs. 19

Plaintiff further contends that the public defender improperly filed the an appeal in the Fifth Circuit Court of Appeals. *Id*. at 10. The case was eventually transferred to the Appellate Division of the Fresno County Superior Court, which allegedly held that the trial judge erroneously sentenced Plaintiff to felony probation for the misdemeanor offense, and the domestic violence fee was improperly imposed. *Id*. at 6.

Based on the above, Plaintiff alleges a violation of the Sixth Amendment for ineffective assistance of counsel, a violation of the Eighth Amendment for a violation of cruel and unusual punishment, and a violation of due process under the Fourteen Amendment based on the public defender's actions. *Id*. Plaintiff also alleges claims for criminal negligence, reckless endangerment, intentional neglect, and malpractice against Public Defenders Gary Sinnaver and Kate Dashiell who handled the case after Ashjian, because Sinnaver failed to remand the case back to the court for proper sentencing after the appeal was won, and because Dashiell who worked at CCAP, assigned the misdemeanor appeal to the wrong attorney, which contributed to a delay in his case. *Id*. at pgs. 7, 10, and 13.

Additionally, Plaintiff alleges causes of action for slander, "aiding in unlawful entry," and California Penal Code § 148.4 against Police Officer Matthews and Sturgeon because they engaged in a conspiracy to fabricate a police report by presenting a false report to Assistant District Attorneys Stacy Phillips and John Gatschet. Plaintiff contends that these prosecutors improperly prosecuted the case resulting in a further violation of Plaintiff's constitutional rights. *Id*. at pgs. 3-8.

Finally, Plaintiff alleges a cause of action for conspiracy to commit malpractice against Probation Officer Keyana Davis because she was not present at the sentencing hearing, and failed to prepare a felony sentencing report that would have revealed the improper sentence. *Id*. at pg. 9. He further asserts claims of negligence and malpractice against Court of Appeal Clerk R. Arreola for failing to realize that the appeal was filed in the wrong court. *Id*. at pg. 13. As a result of the above, Plaintiff seeks compensatory and punitive damages.

A review of the Complaint reveals that Plaintiff is unable to state a cognizable claim and

and  pg. 22.

that his claims appear to be barred for the reasons set forth below.  In short, the method for challenging a state criminal conviction is through the appeals process. Participants in the state proceedings are immune from lawsuits stemming from their actions in those state proceedings. Notwithstanding the above, the Court will provide Plaintiff with some standards regarding his claims so he can evaluate if he still wishes to proceed with an amended complaint in this court.

### C.  42 U.S.C. § 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law …

42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law.  *West v. Atkins*, 487 U.S. 42 (1988).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949-50. While factual allegations are accepted as true, legal conclusion are not.  *Id.* Any amended complaint must meet this standard and Plaintiff must identify how each defendant's conduct resulted in a violation of his constitutional rights in order to state a cognizable claim under section 1983.

### 1.  Judicial Immunity

Plaintiffs' claims against state court judges are barred by judicial immunity. "It has long been established that judges are absolutely immune from liability for acts 'done by them in the

1   exercise of their judicial functions,'" *Miller v. Davis*, 521 F.3d at 1145 (9th Cir. 2008) (quoting

2   *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871); *Ashelman v. Pope*, 793 F. 2d 1072, 1075

3   (9th Cir. 1988).  While Plaintiff does not explicitly name a judge as a defendant, he references an

4   appellate decision that allegedly reverses the trial judge's decisions.  Plaintiff contends that the

5   public defender is responsible for these rulings, but these decisions were made by the judge in his

6   or her judicial capacity, not by the public defender.  Plaintiff is advised that a judge is immune

7   from suit for these claims because these were decisions made in his or her judicial capacity.  *See*,

8   *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (judges retain their immunity when

9   they are accused of acting maliciously or corruptly); *Ashleman*, 793 F. 2d at 1077 (judges retain

10   immunity when acting in error).

11                    *2.   Quasi –Judicial Immunity for Court Clerks and Probation Officers*

12              Further, judicial immunity may be extended to other officials if their "judgments are

13   'functional[ly] comparab[le]' to those of judges - that is, because they, too, 'exercise a

14   discretionary judgment' as part of their function." *Id*. (quoting *Antoine v. Byers & Anderson*, Inc.,

15   508 U.S. 429, 436, 113 S.Ct. 2167 (1993) (quotation omitted)). The Ninth Circuit has held that

16   the preparation of presentence reports by probation officers is covered by the judicial immunity

17   doctrine because in preparing these reports, probation officers act as "an arm of the sentencing

18   judge," and therefore serve a function "integral to the independent judicial process." *Demoran v.*

19   *Witt*, 781 F.2d 155, 157–158 (1986).  Therefore, any section 1983 claims against the probation

20   officer are barred.

21              Similarly, court clerks have absolute quasi-judicial immunity from damages for civil

22   rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v.*

23   *U.S. Bankruptcy Court of Dist. of Nevada*, 828 F. 2d 1385, 1390 (9th Cir. 1987). Thus, any

24   section 1983 claims against the Clerk of the Court are not cognizable.

25                    *3.   Prosecutors and Public Defenders*

26              Furthermore, section 1983 claims against prosecutors and public defenders are not

27   cognizable. State court prosecutors are immune from liability under 42 U.S.C. § 1983.  *Imbler v.*

28   *Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 996 (1976) ( "in initiating a prosecution and in

1  presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."

2  ); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their

3  official prosecutorial functions are entitled to absolute immunity against constitutional torts.");

4  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is

5  generally accorded to prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793

6  F.2d 1072, 1075 (9th Cir. 1986) (holding that prosecutors are immune from liability for damages

7  under section 1983).

8        Similarly, civil rights claims under Section 1983 are not available against public defenders

9  because public defenders are private individuals for purposes of section 1983, and therefore do

10  not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding

11  that public defenders performing traditional functions of representation do not act under color of

12  state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465,

13  468 (9th Cir. 2003).  Therefore, Plaintiff's section 1983 claims against the public defenders are

14  barred.

15        *4.   The Heck Doctrine*

16        Plaintiff is advised that pursuant to *Heck v. Humphrey*, 512 U.S. 481-482 (1994), a section

17  1983 action for damages will not lie where establishing the basis for the damages claim

18  necessarily demonstrates the invalidity of the conviction.  Here, Plaintiff alleges that he appealed

19  his case and that the appellate court held that the judge imposed an improper sentence.  However,

20  it appears that the underlying conviction is still valid.  Therefore, any allegations regarding

21  constitutional violations during the criminal process may be barred.  If Plaintiff wishes to pursue

22  section 1983 claims, he is encouraged to submit his conviction documents and the appellate court

23  decision so the court can accurately access the status of his criminal case.

24      **D.  State Law Causes of Action**

25        Plaintiff alleges several state law causes of action including malpractice, negligence, and

26  "reckless endangerment" against several of the defendants.  He also alleges violations of the

27  California Penal Code § 148.4 against the defendant Police Officers Matthews and Sturgeon.

28  Plaintiff is advised that federal courts can only adjudicate civil cases authorized by the United

States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 *and is between citizens of different states*), 2) a federal question is presented, or 3) the United States is a party. See 28 U.S.C. §§ 1331 and 1332; see also, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

If Plaintiff is unable to state a cognizable federal claim, such as a section 1983 claim, the only way Plaintiff would be able to bring a civil state law claim in federal court is to establish complete diversity of citizenship, which would require that the parties are citizens of different states. *See*, *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005). Here, Plaintiff and all Defendants are citizens of California. Therefore, diversity of citizenship cannot be established and this Court cannot adjudicate his state law claims. Furthermore, Plaintiff is advised that violations of the California Penal Code are not cognizable in this Court. Violations of the California Penal Code are criminal statutes and may only be prosecuted in the California Superior Courts by law enforcement authorities.

### III.    LEAVE TO AMEND

The Court is dismissing Plaintiff's case, but Plaintiff is given leave to amend his claims and file an amended complaint. The Court does not know whether Plaintiff has a viable claim in light of the law described in this Order. However, if Plaintiff chooses to file an amended complaint, he shall carefully consider the guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable federal claims. If Plaintiff files an amended complaint Plaintiff must clearly organize what claim is being brought against each defendant, and he must meet the the plausibility standard outlined above.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949-50. Any amended complaint shall bear the case number assigned to this action and be labeled "Amended Complaint." Plaintiff is hereby notified that any amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to

8

the original complaint.  See Local Rule 220.

**IV.   ORDER**

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.  Any amended complaint shall be filed no later than **March 4, 2016, and be no more than twenty-five (25) pages**.  **Failure to file an amended complaint by the date specified will result in dismissal of this action**.

Moreover, in light of the dismissal of Plaintiff's complaint, Plaintiff's Motions for the Issuance of Summonses are also DENIED.  (Docs. 5 and 7).


IT IS SO ORDERED.

Dated:   __**January 21, 2016**__                  /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE