UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS, | 1:15-cv-395-LJO-EPG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 11) |
| v. | |
| MATTHEW, et al., | |
| Defendants. | |

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Phillip Sanders, proceeding *pro se* and *in forma pauperis*, filed this civil rights suit against various individuals involved with his state court criminal proceedings. *See* Doc. 1. The Magistrate Judge screened the complaint under 28 U.S.C. § 1915(e)(2), and dismissed it with leave to amend. Doc. 8. The Magistrate Judge therefore denied Plaintiff's request for the Court to issue summonses on Defendants. *Id.* at 1-2. Plaintiff then simultaneously filed an interlocutory appeal of that order in the United States Court of Appeals for the Ninth Circuit, as well as a motion for reconsideration of the order in this Court. Docs. 11, 12.[1] Shortly afterward, Plaintiff filed a first amended complaint. Doc. 17.

## II.   STANDARD OF DECISION

Under 28 U.S.C. § 636(b)(1)(A), the Court reviews the Magistrate Judge's order to determine whether it is "clearly erroneous or contrary to law."

---

[1] Despite his appeal, the Court retains jurisdiction to rule on Plaintiff's motion for reconsideration. *See Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994) (holding that under Fed. R. App. Pro. 4(a)(4) court of appeals will hold appeal of order in abeyance while Fed. R. Civ. P. 59(e) motion to reconsider the order is pending in the district court); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motions prevented the [plaintiffs'] notices of appeal from becoming effective until the district court ruled on the merits of those motions."); *see also Barrett v. Oregon*, No. 6:14-cv-1204-HZ, 2015 WL 3823854, at *2 (D. Or. June 19, 2015) (finding court had jurisdiction to rule on motion for reconsideration of dismissal order that was filed on same day as appeal of dismissal order).

1

Although Plaintiff does not indicate the basis for his motion, the Court construes the motion to have been brought under Federal Rule of Civil Procedure 59(e) or 60(b), both of which permit the Court to alter or amend any judgment. A district court should not grant a motion for reconsideration under Rule 59(e) "absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal citations and quotations omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations and quotations omitted).

Rule 60(b) permits relief from final judgments, orders, or proceedings, and may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

### III.    DISCUSSION

Plaintiff's filing the FAC renders his motion for reconsideration moot. "It is well-established in [the Ninth Circuit] that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations and quotation marks omitted). "In other words, the original pleading no longer performs any function." *Id.* (citations and quotation marks omitted). As a result, any pleading directed at Plaintiff's original complaint—including Plaintiff's motion for reconsideration—is moot. *See id.* The Court therefore DENIES AS MOOT Plaintiff's motion for reconsideration.[2]

---

[2] Even if Plaintiff's motion for reconsideration were not moot, the motion would be denied on the

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES AS MOOT Plaintiff's motion for reconsideration of the Magistrate Judge's order (Doc. 11).

IT IS SO ORDERED.

    Dated: **March 9, 2016**            /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE

---

merits. Although not particularly clear, at bottom, the basis of the motion is nothing more than Plaintiff's disagreement with the Magistrate Judge's order. Accordingly, Plaintiff has not provided (and the Court cannot discern) any reason that would justify granting relief under Rule 59(e) or 60(b). *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision" (citations and quotation marks omitted)).