**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP SANDERS,<br>Plaintiff,<br>v.<br>MATTHEW *et al.*,<br>Defendants. | 15-cv-395 LJO-EPG<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 17) |

## I. INTRODUCTION

Plaintiff, Phillips Sanders ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 against numerous defendants. (Doc. 1). The Court screened the pleading and dismissed the complaint with leave to amend. (Doc. 8). On February 22, 2016, Plaintiff filed a Motion for Reconsideration, as well as a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). (Docs. 11 and 12). While the appeal was pending, Plaintiff filed a First Amended Complaint ("FAC") on March 4, 2016. (Doc. 17). Plaintiff's Motion for Reconsideration was denied on March 9, 2016. (Doc. 18). The Ninth Circuit dismissed Plaintiff's appeal on April 7, 2016, and issued the mandate on May 2, 2016. (Docs. 19 and 20). The Court now screens Plaintiff's FAC.

The FAC is disorganized but appears to allege causes of action under 42 U.S.C. § 1983 for violations under the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as several state law claims including intentional infliction of emotional

distress, negligent infliction of emotional distress, assault with a deadly weapon, and California Civil Codes §§ 43, 51.7 and 52.1. Plaintiff lists eight individuals as Defendants including: Fresno Police Officers Matthew and Sturgeon; Fresno Public Defender Sabrina Ashjian; Fresno County Assistant District Attorneys Stacy Phillips and John Gatschet; Probation Officer Keyana Davis; Frenso County Superior Court Appeals Clerk R. Arreola: and Kate Dashiel of the Central California Appellate Program ("CCAP"). The Court has screened the FAC and dismisses the FAC with leave to amend.

As noted in its previous screening order, Plaintiff's lawsuit challenges his a state criminal conviction and names various court and attorney personnel who participated in that conviction. In the last screening order, Plaintiff was advised that many of his claims were barred and that he needed to more clearly articulate his claims which he has not done. Plaintiff has requested that the Court provide him a legal team to assess his case. The Court cannot give Plaintiff legal advice about his case, but will provide Plaintiff with the appropriate legal standards and give Plaintiff one more opportunity to amend his complaint.[1]

## II. DISCUSSION

### ***A. Legal Standard for Screening***

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id*. Leave to amend may be granted to the extent that the deficiencies in the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Courts deem a complaint "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). In other words, a complaint is frivolous where the litigant asserts "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

[1] The Court takes judicial notice that Plaintiff has filed several other lawsuits in this Court challenging other arrests and naming various law enforcement personnel including: *Sanders v. Magic Metro Tactical Team et al*., 1:13-cv-1405 AW-SAB; *Sanders v. Diaz et al*, 1:06-cv-1740 AWI-LJO; *Sanders v. Aranas et al*, 1:06-cv-1574 AWI SMS; *Sanders v. Fresno City Police Dep't et al.*, 1:06-cv-1264 OWW-GSA; *Sanders v. Fresno County Probation Department et al*., 1:06-cv-1111 AWI SMS; and *Sanders v.Fictgler et al*., 1:10-cv-627 OWW GSA.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a Complaint states an actionable claim, the Court must accept the allegations in the Complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp*., 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### *B. Plaintiff's Complaint*

The allegations in Plaintiff's FAC appear to stem from an incident on or about July 17, 2013, when he was arrested for assault with a deadly weapon, and a domestic violence offense.[2] Plaintiff contends that a disagreement occurred when a "young lady that did not live with him," asked him for some money. (Doc. 1, pgs. 15, lines 3-15). When he told her, "no," she became angry. *Id*. He alleges he ran to his house and locked the gate and the front door to get away from the woman, but she climbed the gate and kicked in his front door. *Id*. He was in shock and dragged the woman out of his house, "without any bodily injury," and told her to leave. *Id*. He realized that she was calling the police, so he ran after her and yelled that she had

---

[2] The FAC does not outline the events on July 17, 2013, but merely discusses the conduct of the officers who arrested Plaintiff, as well as the alleged malpractice committed by his public defender. The Court has inserted these facts from the initial complaint in order to provide some background to this incident. Plaintiff is advised that any amended complaint must contain all of the facts he wishes the Court to consider when screening his pleading.

kicked in his door so the police could hear his version of events on the 911 call. The police arrived at the scene and arrested Plaintiff. In the FAC, Plaintiff contends that he was not convicted of an offense as a result of this incident. However, the Court takes judicial notice that in *The People v. Phillip Sanders*, Case No. F13906789[3] Fresno County Superior Court records indicate that Plaintiff pled *nolo contendere* to the misdemeanor offense of Corporal Injury to a Spouse/Cohabitant in violation of California Penal Code § 273.5 on July 30, 2013. Plaintiff filed an appeal on September 18, 2013. The judgment was reversed and the case was remanded to the trial court for resentencing on September 5, 2014. Plaintiff did not appear at the resentencing hearing on September 9, 2014 as ordered.

The bulk of Plaintiff's complaint revolves around allegations that his public defender Sabrina Ashjian engaged in ineffective assistance of counsel during his criminal proceedings because she failed to get any discovery, did not properly investigate his case before encouraging him to plead, improperly permitted the imposition of felony probation on a misdemeanor conviction, and failed to request a stay of probation pending an appeal. (Doc. 17, pg. 13). He also alleges that his bail was too high, and he was improperly ordered to pay fees that he could not afford. *Id*.

Plaintiff's FAC further contends Officers Matthew and Sturgeon manipulated their police reports as well as the 911 CD, and engaged in malicious prosecution by bringing the charges against him. (Doc. 17, pg. 4-5, 7, 9). Plaintiff also alleges that at the time of his arrest, he was approached by two Fresno patrol units including a K-9 unit. (Doc. 17, pg. 5-6). Officer Sturgeon ordered Plaintiff to the ground with guns drawn. After Plaintiff complied, Officer Sturgeon handcuffed Plaintiff and placed him on the curb. He searched Plaintiff and placed Plaintiff in the back of the patrol car for five minutes. (Doc. 17, pgs. 6-7). Plaintiff contends that Officer Sturgeon drove Plaintiff to his house where Officer Matthews was located. (*Id*. at pg. 7). Once they arrived at the residence, he contends that Officer Matthew placed his handcuffs on Plaintiff "tightly and in a rough house manner," leaving two pairs of handcuffs on Plaintiff before removing Sturgeon's handcuffs. (*Id*. at pg. 7.)

---

[3] This is the case number Plaintiff provided to the Court in the initial complaint. (Doc.1, pg. 25 lines 13-18).

Based on the above, Plaintiff alleges a violation of the Sixth Amendment for ineffective assistance of Counsel, an Eighth Amendment violation for cruel and unusual punishment based on excessive bail, and a violation of due process under the Fourteen Amendment against Public Defender Sabrina Ashjian. (*Id*. at 13-15). Plaintiff also alleges a Fourth and Fourteenth Amendment violation against Officers Matthew and Sturgeon based on conspiracy, malicious prosecution, and alleges they fabricated a police report resulting in his illegal arrest. (*Id*. at pgs. 7, 9-10). Additionally, he alleges state law claims pursuant to California Civil Code §§ 43, 51.7 and 52.1, as well as intentional infliction of emotional distress and negligent infliction of emotional distress against Public Defender Ashjian, Officers Matthew and Sturgeon (Doc. 17, pgs. 7-15). Finally, he asserts a claim of assault with a deadly weapon against Officer Sturgeon. (Doc. 17, pg. 8).

Finally, without any explanation, Plaintiff alleges causes of action pursuant to California Civil Code § 52.1 against Fresno County District Attorney Stacy Phillips and John Gatschet; Probation Officer Keyana Davis; Frenso County Superior Court Appeals Clerk R. Arreola: and Kate Dashiel of the Central California Appellate Program ("CCAP").[4]

A review of the Complaint reveals that Plaintiff has not stated a cognizable claim and that several of his claims appear to be barred for the reasons set forth below. However, Plaintiff will be provided with the following legal standards so that he can determine if he would like to pursue his case. Moreover, Plaintiff is advised that any amended complaint must include a request for relief as the FAC currently does not identify any relief he is seeking.

**C. 42 U.S.C. § 1983 Claims**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law …

42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a

[4] Plaintiff also references California Civil Code §1714 as part of this claim, however, this statute is not applicable to Plaintiff's case.

right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law. *West v. Atkins*, 487 U.S. 42 (1988). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949-50. While factual allegations are accepted as true, legal conclusion are not. *Id*. Any amended complaint must meet this standard and Plaintiff must identify how each defendant's conduct resulted in a violation of his constitutional rights in order to state a cognizable claim under section 1983.

*1. Public Defenders*

Plaintiff is advised that section 1983 claims against public defenders are not cognizable because public defenders are private individuals for purposes of section 1983, and therefore do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); *Miranda v. Clark County*, *Nevada*, 319 F.3d 465, 468 (9th Cir. 2003). Therefore, all of Plaintiff's section 1983 claims for constitutional violations against his public defender are barred.

*2. Individual vs. Official Capacities*

Plaintiff has named Defendants in their individual and official capacities. (Doc. 17, at pg. 1). Plaintiff is advised that in *In Will v. Michigan Department of State Police*, 491 U.S. 58, 64 66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the

official's office, and as such is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. *Id*.; see also *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). Therefore, Plaintiff is advised that any defendant named in a 1983 claim must be sued in his or her individual capacity to state a cognizable claim.

*3. Malicious Prosecution Claim under 42 U.S.C. § 1983*

Although Plaintiff references malicious prosecution, the FAC fails to raise any valid, federal, malicious prosecution claim. In order to present a cognizable claim of malicious prosecution under § 1983, a plaintiff must plead tortious conduct by defendants under the elements of a state law malicious prosecution claim, as well as allege that the defendants acted under color of state law for the purpose of denying the plaintiff a specific constitutional right. *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right."); *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable federally if the state judicial system provides a remedy, but "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights"). Plaintiff is advised that "[m]alicious prosecution, by itself, does not constitute a due process violation." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *also see Awabdy*, 368 F.3d at 1069 ("no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause"). Moreover, in order to prevail on a malicious prosecution claim under 1983, Plaintiff must establish that the prior proceedings terminated in such a manner as to

indicate his innocence, and that charges were not withdrawn on the basis of a compromise among the parties. *Awabdy*, 368 F. 3d at 1068.

"In California, the elements of malicious prosecution are (a) the initiation of criminal prosecution, (b) malicious motivation, and (c) lack of probable cause." *Usher*, 828 F.2d at 562; *see also Singleton v. Perry*, 45 Cal.2d 489 (Cal. 1955); *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice). The "malice" element of the [California] malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action. *Sheldon Appel Co.*, 47 Cal. 3d at 874; *also see Downey Venture v. LMI Ins. Co*., 66 Cal. App. 4th 478, 494 (1998) (the motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose …[t]he plaintiff must plead and prove actual ill will or some improper ulterior motive"); Cal. Penal Code § 7 ("[t]he words "malice" and "maliciously" import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law). Moreover, when an individual has a full and fair opportunity to challenge a probable cause determination during the court of the prior proceedings, he may barred from re-litigating the issue in a subsequent § 1983 claim. *Haupt v. Dillard*, 17 F. 3d 285, 289 (9th Cir. 1994).

Here, Plaintiff had a full and fair opportunity to challenge the probable cause determination in state court but did not do so. Instead, he pled *nolo contendre* to a misdemeanor offense. In light of these facts, it appears Plaintiff will be unable to state a malicious prosecution claim under § 1983 because criminal proceedings were not terminated in a manner to indicate his innocence.

*4. Conspiracy*

Plaintiff alleges that the officers conspired against him. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to

violate constitutional rights, *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id*. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

*5. Fourth Amendment Claims*

Although Plaintiff alleges a violation of the Fourteenth Amendment related to his allegations of unlawful arrest, these claims are properly analyzed under Fourth Amendment standards which are set forth below.

a. <u>Unlawful Arrest</u>

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty*., 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F*., 266 F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time" of the arrest. *Id*. "Probable cause exists if the arresting officers

'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.' " *Gavelet-Blondin v. Shelton*, 728 F. 3d 1086, 1098 (9th Cir. 2013) citing *Maxwell v. Cnty. of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012).

b. Excessive Force

A claim of excessive force in the course of making an arrest may be brought in a section 1983 claim. Plaintiff is advised that an excessive force claim at the time of arrest is analyzed under the Fourth Amendment's objectively reasonableness standard. *Scott v. Harris*, 127 S. Ct. 1769 (2007); *Graham v. Connor*, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation. *Graham v. Connor*, 109 S. Ct. at 1872. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Gregory v. County of Maui*, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing *Graham v. Connor*, 109 S. Ct. at 1871. The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2) whether a suspect poses an immediate threat to the safety of the officer and others, and 3) whether a suspect resists arrest. *Graham v. Connor*, 109 S. Ct. at 1872; *Arpin v. Santa Clara Valley Transp. Agency*, 261 F. 3d 912, 921 (9th Cir. 2001).

**D. State Law Causes of Action**

Plaintiff alleges several state law causes of action against many of the Defendants including the torts of intentional infliction of emotional distress, negligent infliction of emotional distress, and assault with a deadly weapon. Plaintiff is advised that assault with a deadly weapon is a criminal statute under the California Penal Code which is not cognizable in this Court. However, the Court will provide Plaintiff with the standard for the tort of assault and battery as it appears this was the cause of action he intended.

*1. California Tort Claims Act ("CTCA") and Immunity*

As a preliminary matter, Plaintiff is advised that the CTCA requires that a tort claim

against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950 950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). In other words, to state a tort claim against a public entity or public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court of Kings County*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 627 (9th Cir.1988). Plaintiff is advised that failure to plead compliance with the CTCA for the state law tort claims in any amended complaint may result in dismissal of those causes of actions.

Moreover, many of the named Defendants may be immune from suit for the state law claims under California Government Code § 821.6 which provides "a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Nevertheless, the Court will provide Plaintiff with standards for his state law claims in an abundance of caution. However, Plaintiff is again advised that he should only allege these causes of action if he believes in good faith that he can assert a cognizable claim.

*2. Intentional Infliction of Emotional Distress*

The elements of an intentional infliction of emotional distress claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300 (1988); *Cole v. Fair Oaks Fire Protection Dist*., 43 Cal.3d 148, 155, n. 7 (1987). The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (quoting *Cervantez v. J.C. Penney Co*., 24 Cal.3d 579 (1979)).

3. Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply. *Huggins v. Longs Drug Stores California, Inc*., 6 Cal.4th 124, 129, (1993). California law recognizes that "there is no independent tort of negligent infliction of emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co*., 6 Cal.4th 965, 984, (1993).

*4. Assault and Battery*

Assault and battery are defined in the California Penal Code. Assault is the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal.Penal Code § 240. "A battery is any willful and unlawful use of force or violence upon the person of another." Cal.Penal Code § 242. *Tekle ex rel. Tekle v. U.S.*, 457 F.3d 1088, 1102 (9th Cir. 2006).

Under California civil law, a claim for assault must allege: "(1) that Defendants intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that Plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D.Cal.1998). "The tort of assault is complete when the anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for So. California*, 144 Cal.App.3d 222, 232 (Cal. App. 2 Dist.1983.)

The elements of civil battery are: (1) defendant intentionally did an act which resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss, or harm to plaintiff. *Piedra v. Dugan*, 123 Cal.App.4th 1483 (2004). Under California law, "[a] state law battery claim is a counterpart to a federal claim of excessive use of force. In both, a plaintiff must prove that the peace officer's use of force was unreasonable." *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 811 (Cal. Ct. App. 2009); see also *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) ("In California, claims that police officers used excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the reasonableness standard of the Fourth

Amendment to the United States Constitution.") (internal quotation marks and alteration omitted).

5. Causes of Action Under the California Civil Code

a. California Civil Code § 43

Section 43 guarantees, *inter alia*, a person's "right of protection from bodily restraint or harm." Cal. Civ. Code § 43. "The phrase 'right of protection from bodily restraint or harm' refers simply to an individual's right to be free from physical attack or the threat thereof." *Atilano v. Count of Butte*, 2008 WL 4078809, at *6 (E.D. Cal. Aug. 29, 2008) (quoting *People v. Lashley*, 1 Cal.App.4th 938, 951, 2 Cal.Rptr.2d 629 (1991)) (internal quotation marks omitted). This provision codifies causes of action for assault, battery, and invasion of privacy." *Davis v. Kissinger*, 2009 WL 2043899, at *8 (E.D.Cal. July 14, 2009). *See also Shead v. Vong*, 2009 WL 2905886, at *6 (E.D.Cal. Sept.8, 2009).

b. California Civil Code § 52.1

Section 52.1 ("the Bane Act") establishes a private right of action for an "individual whose exercise of enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion." Cal. Civ.Code § 52.1(a).; *Austin B. v. Escondido Union School District*, 149 Cal. App. 4th 860, 881 (2007). The act requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). Thus to state a claim under the Bane Act, Plaintiff must establish : (1) Defendants interfered with Plaintiffs' constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion. See *Venegas v. County of Los Angeles*, 32 Cal 4th 820, 842-843 (2004). To obtain relief under Civil Code section 52.1, a plaintiff need not allege the defendant acted with discriminatory animus or intent; a defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion. *Id*. The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that

he or she was not required to do under the law. *Ausitn B*., 149 Cal. App. 4th at 860 citing *Jones*, 17 Cal.4th at 334.

c. <u>California Civil Code § 51.7</u>

California Civil Code § 51.7 ("the Ralph Act") provides that all persons within California have the right to be free from any violence, or intimidation by threat of violence, committed against the person on account of race. Cal. Civ.Code § 51.7(a).[5] The elements of a claim brought under section 51.7 are: (1) the defendant threatened or committed violent acts against the plaintiff; (2) the defendant was motivated by his perception of plaintiff's race, age or disability; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Austin B.*, 149 Cal.App.4th at 880–81.

*6. Jurisdiction of State Law Claims*

Plaintiff is advised that federal courts can only adjudicate civil cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 *and is between citizens of different states*), 2) a federal question is presented, or 3) the United States is a party. See 28 U.S.C. §§ 1331 and 1332; see also, *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).

If Plaintiff is unable to state a cognizable federal claim, such as a section 1983 claim, the only way Plaintiff would be able to bring a civil state law claim in federal court is to establish complete diversity of citizenship, which would require that the parties are citizens of different states. *See*, *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553 (2005). Here, Plaintiff and all Defendants are citizens of California. Therefore, diversity of citizenship cannot be established and this Court cannot adjudicate his state law claims unless Plaintiff states a cognizable federal claim.

///

---

[5] Section 51.7 also provides protection based on sex, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation

**III. LEAVE TO AMEND**

The Court is dismissing Plaintiff's case, but Plaintiff is given leave to amend his claims and file an amended complaint. However, if Plaintiff chooses to file an amended complaint, he shall carefully consider the guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable federal claims. If Plaintiff files an amended complaint, Plaintiff must clearly organize what claim is being brought against each defendant, and he must meet the plausibility standard outlined above. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949-50. Any amended complaint shall bear the case number assigned to this action and be labeled "Second Amended Complaint." Plaintiff is hereby notified that any amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the original complaint. See Local Rule 220.

**IV. ORDER**

For the reasons set forth above, Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND. Leave to amend is given only for the claims identified in this order. The amended complaint shall be filed no later than **August 1, 2016, and be no more than twenty-five (25) pages**. **Failure to file an amended complaint by the date specified will result in dismissal of this action**.

IT IS SO ORDERED.

Dated: **June 23, 2016**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE