1
2
3
4
5
6                **UNITED STATES DISTRICT COURT**

7                **EASTERN DISTRICT OF CALIFORNIA**

8

9 PHILLIP SANDERS,             | 15-cv-395 LJO-EPG

10        Plaintiff,           | FINDINGS AND RECOMMENDATIONS

11    v.                | RECOMMENDING THAT THIS ACTION
                           | PROCEED ONLY AGAINST DEFENDANTS

12                         | MATTHEW AND STRUGEON ON

13 MATTHEW *et al.*,            | PLAINTIFF'S UNLAWFUL ARREST AND
                           | EXCESSIVE FORCE CLAIMS AND THAT

14        Defendants.         | ALL OTHER CLAIMS AND DEFENDANTS
                           | BE DISMISSED

15                         | (Doc. 23)

16

17 **I.     PROCEDURAL BACKGROUND**

18       Plaintiff, Phillips Sanders ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed a

19 complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983 against numerous

20 defendants. (Doc. 1).  The Court screened the pleading and dismissed the complaint with leave to

21 amend. (Doc. 8).  On February 22, 2016, Plaintiff filed a Motion for Reconsideration, as well as a

22 Notice of Appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit").

23 (Docs. 11 and 12).  While the appeal was pending, Plaintiff filed a First Amended Complaint

24 ("1AC") on March 4, 2016.  (Doc. 17).   Plaintiff's Motion for Reconsideration was denied on

25 March 9, 2016.  (Doc. 18).  The Ninth Circuit dismissed Plaintiff's appeal on April 7, 2016, and

26 issued the mandate on May 2, 2016.  (Docs. 19 and 20).

27       The Court screened the 1AC on June 23, 2016. (Doc. 21.)  The Court found that the 1AC

28 failed to state cognizable claims and that several of his claims appear to be otherwise barred. (*Id.*

at 5.)  Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case. (*Id*.)  Plaintiff was also advised that any amended complaint must include a request for relief as the 1AC did not identify any relief he is seeking. (*Id*.)  Finally, Plaintiff was warned that he would only be provided one more opportunity to amend his complaint. (*Id*. at 2.)

On August 1, 2016, Plaintiff filed a Second Amended Complaint ("2AC"). (Doc. 23.)  The 2AC is presently before the Court for screening.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id*. Leave to amend may be granted to the extent that the deficiencies in the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Courts deem a complaint "frivolous" when it lacks "basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). In other words, a complaint is frivolous where the litigant asserts "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a Complaint states an actionable claim, the Court must accept the allegations in the Complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp*., 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

1   *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins*

2   *v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

3   stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342

4   (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after

5   *Iqbal*).

6   **III.   PLAINTIFF'S SECOND AMENDED COMPLAINT**

7        The 2AC is 16 pages long, contains 13 pages of background information, and proceeds to

8   attempt to bring 11 claims against 4 Defendants.  The Court has previously summarized the facts

9   forming the basis for Plaintiff's civil rights complaints in its screening orders dated January 22,

10  2016 and June 23, 2016. (ECF Nos. 8 at 3:10-5:5; 21 at 3:18-5:20.)  In the interest of judicial

11  economy and because the allegations are similar in all three complaints, the Court hereby

12  incorporates its summaries of the facts from the previous screening orders into this order.

13       Like the previous complaints, the allegations in the 2AC stem from an incident on or

14  about July 17, 2013, when Plaintiff was arrested for assault with a deadly weapon, and a domestic

15  violence offense.  Plaintiff contends that a disagreement occurred when a "young lady that did not

16  live with him," asked him for some money. (Doc. 23 at 3).  The disagreement escalated to the

17  point where Plaintiff physically removed the woman from his home, and she called the police.

18  (*Id.* at 4.)  The police arrived at the scene and arrested Plaintiff.  Plaintiff alleges that the officers

19  lacked probable cause to make the arrest because the officers knew at the time of his arrest that

20  his accuser had fabricated her accusations. (*Id.* at 15.)  Plaintiff also alleges that the arresting

21  officers used excessive force during the arrest by applying handcuffs too tightly, thereby causing

22  pain from low blood circulation, arm twisting and [rough] housing. (*Id.*)

23       Like the previous complaints, the bulk of Plaintiff's complaint revolves around allegations

24  that his public defender Sabrina Ashjian engaged in ineffective assistance of counsel during his

25  criminal proceedings.  He also alleges that his bail was too high, he was improperly ordered to

26  pay fees that he could not afford, and that he was maliciously prosecuted.

27       Plaintiff attempts to state the following claims:

28

3

1. Conspiracy to deprive constitutional rights against Officer Mathew (ID: P1585), a Fresno, California Police Officer. (Doc. 23 at 13.)

2. Excessive force (Fourth Amendment) against Officer Mathew ID: P1585. (*Id.* at 14.)

3. Malicious prosecution against Officer Mathew for filing a false police report. (*Id.*)

4. Unlawful arrest (Fourth Amendment) against Officer Mathew for filing a false police report. (*Id.* at 15.)

5. Unlawful arrest (Fourth Amendment) against Officer Sturgeon (V3736), a Fresno, California Police Officer. (*Id.*)

6. Excessive force (Fourth Amendment) against Officer Sturgeon. (*Id.*)

7. Ineffective assistance of counsel (Sixth Amendment) against Sabrina Ashjian, a Fresno County Public Defender. (*Id.* at 16.)

8. Deprivation of due process (14th Amendment) against Ashjian as a result of failing to file a stay on probation during Plaintiff's criminal appeal. (*Id.*)

9. Legal malpractice against Ashjian for failing to request bail reduction, failing to assist in change of plea, and failing to assist in appeal. (*Id.*)

10. Deprivation of due process (14th Amendment) against Gary Shinaver, a Fresno County Public defender, for failure to reassign case in a timely manner to set probation stay hearing. (*Id.*)

11. Ineffective assistance of counsel for legal malpractice against Shinaver. (*Id.*)

Plaintiff attempts to bring all eleven claims under 42 U.S.C. § 1983 ("section 1983"). (Doc. 23 at 3.)  Section 1983 provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law …

42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law.  *West v. Atkins*, 487 U.S. 42 (1988).  Moreover, Plaintiff must demonstrate that each defendant personally participated in

4

1   the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

2   the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556

3   U.S. 662, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

4   The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 129

5   S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.  "Threadbare recitals of the elements of a cause of

6   action, supported by mere conclusory statements, do not suffice."  Plaintiff must set forth

7   "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*,

8   129 S.Ct. at 1949-50. While factual allegations are accepted as true, legal conclusion are not.  *Id.*

9                    *1.  Public Defenders (Claims 7-11)*

10          In the Court's previous screening orders, Plaintiff was explicitly advised that section 1983

11   claims against public defenders are not cognizable because public defenders are private

12   individuals for purposes of section 1983, and therefore do not act under color of state law. *See*

13   Doc. 8 at 7; Doc. 21 at 6 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that

14   public defenders performing traditional functions of representation do not act under color of state

15   law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468

16   (9th Cir. 2003)). Despite this clear instruction, Plaintiff has again named two Fresno County

17   Public Defenders, Sabrina Ashjian and Gary Shinaver, as Defendants and has attempted to assert

18   various constitutional claims against them.

19          As previously explained, "all of Plaintiff's section 1983 claims for constitutional

20   violations against his public defender are barred." (Doc. 8 at 7; Doc. 21 at 6.)  Therefore, these

21   claims (claims 7-11) should be dismissed.  To the further extent that Plaintiff has attempted to

22   bring any claims against Ashjian and Shinaver based upon state law, the Court should decline to

23   exercise supplemental jurisdiction under 28 U.S.C. § 1367 due to the absence of a federal claim

24   against these Defendants. *See Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir.),

25   *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (citation omitted).

26                    *2.  Malicious Prosecution Claim under 42 U.S.C. § 1983 (Claim 3)*

27          Like the original complaint and 1AC, the 2AC references malicious prosecution but fails

28   to raise any valid, malicious prosecution claim under section 1983. As previously stated in the

1   June 23, 2016 screening order:

2
3            In order to present a cognizable claim of malicious prosecution under §
         1983, a plaintiff must plead tortious conduct by defendants under the elements of a
         state law malicious prosecution claim, as well as allege that the defendants acted
4        under color of state law for the purpose of denying the plaintiff a specific
         constitutional right. *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir.
5        1998); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)
         ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff must
6        show that the defendants prosecuted [him] with malice and without probable
         cause, and that they did so for the purpose of denying [him] equal protection or
7        another specific constitutional right."); *Usher v. City of L.A.*, 828 F.2d 556, 562
         (9th Cir. 1987) (a malicious prosecution claim is not generally cognizable
8        federally if the state judicial system provides a remedy, but "an exception exists to
         the general rule when a malicious prosecution is conducted with the intent to
9        deprive a person of equal protection of the laws or is otherwise intended to subject
         a person to a denial of constitutional rights"). Plaintiff is advised that "[m]alicious
10       prosecution, by itself, does not constitute a due process violation." *Freeman v. City
         of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *also see Awabdy*, 368 F.3d at
11       1069 ("no substantive due process right exists under the Fourteenth Amendment to
         be free from prosecution without probable cause"). Moreover, in order to prevail
12       on a malicious prosecution claim under 1983, Plaintiff must establish that the prior
         proceedings terminated in such a manner as to indicate his innocence, and that
13       charges were not withdrawn on the basis of a compromise among the parties.
         *Awabdy*, 368 F. 3d at 1068.
14

15

16       In both the 1AC and 2AC, Plaintiff contends that he was not convicted of an offense as a

17   result of the incident described in the complaint.  Plaintiff indicates that the original charge of

18   assault with a deadly weapon was "dropped." (Doc. 23 at 9.)  However, the Court takes judicial

19   notice that in *The People v. Phillip Sanders*, Case No. F139067893 Fresno County Superior Court

20   records indicate that Plaintiff pled *nolo contendere* to the misdemeanor offense of Corporal Injury

21   to a Spouse/Cohabitant in violation of California Penal Code § 273.5 on July 30, 2013. (Doc. 21

22   at 4.)  Thus, it appears that Plaintiff elected to compromise by entering a plea of *nolo contendere*

23   to a lesser offense.

24       The 2AC references a purported "winning appeal." (Doc. 23 at 13.)  Plaintiff indicates that

25   he prevailed on appeal due to a sentencing error, and the error was corrected on remand.  (*Id.*)

26   (allegations suggesting that Plaintiff improperly received a felony sentence for a misdemeanor

27   appeal.)  Taking these allegations as true and correct, Plaintiff does not allege that the

28

                                                  6

1  proceedings terminated in such a manner as to indicate his innocence. *See Awabdy*, 368 F. 3d at

2  1068

3      As the Court stated previously (Doc. 21 at 8), Plaintiff had a full and fair opportunity to

4  challenge the probable cause determination in state court but did not do so.  Instead, he pled *nolo*

5  *contendre* to a misdemeanor offense.  In light of these facts, it appears Plaintiff will be unable to

6  state a malicious prosecution claim under § 1983 because criminal proceedings were not

7  terminated in a manner to indicate his innocence.  Accordingly, the malicious prosecution claim

8  (claim 3) should be dismissed.

9          *3.   Conspiracy (Claim 1)*

10     To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an

11  agreement or meeting of the minds to violate constitutional rights, *Avalos v. Baca*, 596 F.3d 583,

12  592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001), and an actual deprivation

13  of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v.*

14  *Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each

15  participant in the conspiracy need not know the exact details of the plan, but each participant must

16  at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting

17  United Steel Workers, 865 F.2d at 1541).

18     The federal system is one of notice pleading, and the court may not apply a heightened

19  pleading standard to plaintiff's allegations of conspiracy.  *Empress LLC v. City and County of San*

20  *Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d

21  1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

22  [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v.*

23  *Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the grounds

24  of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic

25  recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal quotations and

26  citations omitted).  As such, a bare allegation that defendants conspired to violate plaintiff's

27  constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

28     In the 2AC, Plaintiff alleges that the officer Matthew conspired to deprive Plaintiff of his

7

constitutional rights. (Doc. 23 at 13-14.)  Specifically, Plaintiff alleges that Matthew conspired to

commit malicious prosecution against him by filing false police reports. (*Id.*)  Plaintiff describes

the purported inaccuracies of the police reports in great detail throughout the 2AC.  However, this

claim must be dismissed for two reasons.  First, Plaintiff does not adequately allege the existence

of an agreement or meeting of the minds to violate constitutional rights. *See Avalos*, 596 F.3d at

592.  Second, Plaintiff has not stated a claim for malicious prosecution.  Therefore, Plaintiff has

not adequately alleged an actual deprivation of constitutional rights. *See Hart*, 450 F.3d at 1071.

Accordingly, the conspiracy claim (claim 1) should be dismissed.

### 4.   Unlawful Arrest (Claims 4-5)

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment, provided the arrest was without probable cause or other justification." *Lacey v.

Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266

F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or

substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th

Cir. 2004). "[T]he determination of probable cause is based upon the totality of the circumstances

known to the officers at the time" of the arrest. *Id.* "Probable cause exists if the arresting officers

'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to

lead a prudent person to believe that [the arrestee] had committed or was committing a crime.' "

*Gavelet-Blondin v. Shelton*, 728 F. 3d 1086, 1098 (9th Cir. 2013) citing *Maxwell v. Cnty. of San

Diego*, 697 F.3d 941, 951 (9th Cir. 2012).

Liberally construing Plaintiff's alleged facts in his favor, the 2AC states claims against

officers Matthew and Sturgeon for false arrest.  Plaintiff alleges that the officers lacked probable

cause to arrest him because they lacked trustworthy information upon which to base his arrest.

Doc. 23 at 15 (alleging that, at the time of the arrest, the officers had knowledge that Plaintiff's

accuser had fabricated her story).  Therefore, Plaintiff should be permitted to proceed on claims

4-5 of the 2AC past the screening stage.

### 5.   Excessive Force (Claims 2 and 6)

A claim of excessive force in the course of making an arrest may be brought in

1   a section 1983 claim. An excessive force claim at the time of arrest is analyzed under the Fourth

2   Amendment's objectively reasonableness standard. *Scott v. Harris*, 127 S. Ct. 1769 (2007);

3   *Graham v. Connor*, 109 S. Ct. 1865 (1989).   This assessment involves determining whether the

4   force was objectively reasonable "in light of the facts and circumstances confronting the officer

5   without regard to the underlying intent or motivation. *Graham v. Connor*, 109 S. Ct. at 1872.

6         Liberally construing Plaintiff's alleged facts in his favor, Plaintiff alleges that officers

7   Matthew and Sturgeon used objectively unreasonable force when they placed handcuffs on

8   Plaintiff that were too tightly applied and caused Plaintiff pain from low blood circulation. Doc.

9   23 at 14 (alleging that handcuffs were applied in manner that cause Plaintiff "pain from low blood

10  circulation…")  Plaintiff also alleges that the officers used excessive force by "twisting and

11  [rough] housing" him during the arrest. (*Id*.)  These allegations are sufficient to proceed past the

12  screening stage a claim for excessive force under the Fourth Amendment.

13  **IV.   RECOMMENDATION**

14        Based on the foregoing, it is HEREBY RECOMMENDED that:

15  1.    This action proceed under 42 U.S.C. § 1983 only on Plaintiff's unlawful arrest

16        (claims 4-5) and excessive force claims (claims 2 and 6) against defendants

17        Matthew and Sturgeon; and

18  2.    All remaining claims and defendants be dismissed from this action as follows.

19        a.   Claim 1 for conspiracy to commit malicious prosecution under 42 U.S.C. §

20             1983 against Matthew and Sturgeon DISMISSED with prejudice.

21        b.   Claim 3 for malicious prosecution under 42 U.S.C. § 1983 against Matthew

22             and Sturgeon DISMISSED with prejudice.

23        c.   Claims 7 and 11 for ineffective assistance of counsel under 42 U.S.C. § 1983

24             against Sabrina Ashjian and Gary Shinaver DISMISSED with prejudice.

25        d.   Claims 8 and 10 for deprivation of due process under 42 U.S.C. § 1983 against

26             Ashjian and Shinaver DISMISSED with prejudice.

27        e.   Claim 9 for legal malpractice under state law against Ashjian and Shinaver

28             DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 12, 2016**                     /s/ Erica P. Grosj

UNITED STATES MAGISTRATE JUDGE