# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILIP SANDERS,** | 1:15-cv-00395-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DISQUALIFICATION/RECUSAL (Doc. 37)** |
| v. | |
| **MATTHEW, e*t al.*,** | |
| Defendants. | |

Plaintiff Phillip Sanders, who is proceeding *pro se* and *in forma pauperis* in this matter, has moved to disqualify the undersigned from this case. Doc. 37. A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v.*

*Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Plaintiff suggests the undersigned should recuse himself because of rulings made in a prior case brought by Plaintiff. Specifically, Plaintiff points to a ruling dating to 2006, in which the undersigned stated:

> This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. In the past several months, plaintiff has filed several other actions which likewise appear to attempt to vex law enforcement personnel with whom he has had contact. Such attempt to vex provides further grounds to dismiss this action.

Sanders v. Diaz, 1:06-cv-1740-AWI-LJO, Doc. 8 at 5. That ruling was based on "facts introduced or evidence occurring in the course of the current proceedings or of prior proceedings," which "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The Supreme Court has explained the rare circumstances in which the exception to that rule may apply. Statements based on facts or evidence gathered during the course of judicial proceedings "may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*.

> An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.*, at 28 (internal quotation marks omitted). Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration— remain immune.

*Id*. at 555-56.

The statement made by the undersigned in the Diaz case is not of the nature that would warrant disqualification or recusal, and Plaintiff has not pointed to any other basis for the undersigned to be disqualified or recused from this matter.

Accordingly, the motion for disqualification/recusal is DENIED.

IT IS SO ORDERED.

Dated: **June 8, 2017**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE