# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILIP SANDERS,** | **1:15-cv-00395-LJO-EPG** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING SECOND SUGGESTION OF RECUSAL (Doc. 40)** |
| v. | |
| **MATTHEW, e*t al*.,** | |
| **Defendants.** | |

On June 5, 2017, Plaintiff Phillip Sanders, who is proceeding *pro se* and *in forma pauperis* in this matter, moved to disqualify the Court from this case. Doc. 37. Plaintiff suggested the undersigned should recuse himself because of rulings made in a prior case brought by Plaintiff. *Id*. The Court interpreted this as a suggestion that the undersigned should recuse himself under 28 U.S.C. § 455. *See* Doc. 38. On June 8, 2017, after explaining the relevant standards, the Court denied the request, *id.*, relying on the basic rule that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted).

On June 16, 2017, Plaintiff filed an "Affidavit of Facts," Doc. 40, pursuant to 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good

1

cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

While not challenging the reasoning of the June 8, 2017 Order, Plaintiff asserts that 28 U.S.C. § 144 requires application of a different analysis than does 28 U.S.C. § 455. Doc. 40. Plaintiff is mistaken. As the seminal case cited in the June 8, 2017 Order explains, the rule that an alleged bias must "stem from an extrajudicial source" actually finds its origin in cases interpreting 28 U.S.C. § 144. *See Liteky*, 510 U.S. at 540 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Therefore, the analysis set forth in the June 8, 2017 Order applies with equal force to 28 U.S.C. § 144, meaning that there is no basis for recusal.

Plaintiff is "extremely afraid that if the case was to move forward, [he] would be haunted by the Court's previous recommendations and orders because the words the judge used will always remain in the mind of the judge forming bias." Doc. 40 at 3. This is one of the busiest district courts in the Nation. The undersigned handles close to a thousand civil cases a year, and has no specific recollection of Plaintiff's prior action. This current request does not provide the Court with the desire to look the old case up for background purposes.

**CONCLUSION AND ORDER**

For the reasons set forth above, the undersigned declines to recuse himself pursuant to 28 U.S.C. § 144. If Plaintiff files substantially identical motions in the future in this case, they will be disregarded.

IT IS SO ORDERED.

Dated: __**June 21, 2017**__     _____/s/ Lawrence J. O'Neill_____
　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE

2