# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW *et al*.,<br><br>　　　　Defendant. | 1:15-cv-00395-LJO-EPG<br><br>**ORDER DENYING MOTION FOR COURT APPOINTED EXPERT WITNESS WRITTEN DEPOSITON**<br><br>(ECF No. 48) |

## I.　BACKGROUND

Phillips Sanders ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed a Complaint on March 12, 2015, alleging civil rights violations pursuant to 42 U.S.C. § 1983 against numerous defendants. (ECF No. 1.) The Court dismissed the Complaint with leave to amend on January 22, 2016. (ECF No. 8.) On February 22, 2016, Plaintiff filed a Motion for Reconsideration and a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). (ECF Nos. 11, 12.) On March 4, 2016, while the appeal and motion for reconsideration were pending, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 17.) On March 9, 2016, Plaintiff's motion for reconsideration was denied. (ECF No. 18.) The Ninth Circuit dismissed Plaintiff's appeal on April 7, 2016, and issued a mandate on May 2, 2016. (ECF Nos. 19, 20). On June 23, 2016, the Court dismissed the FAC with leave to amend. (ECF No. 21.)

1

On August 1, 2016, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 23.) The SAC contains eleven claims against fourteen defendants, and allegations stemming from an incident on or about July 17, 2013, when Plaintiff was arrested for assault with a deadly weapon and a domestic violence offense. *Id.* at 3. Plaintiff alleges that the officers, Matthew and Sturgeon, lacked probable cause to make the arrest because the officers knew at the time of the arrest that the domestic violence accuser had fabricated her accusations. *Id.* at 15. Plaintiff also alleges that the arresting officers used excessive force during the arrest by applying handcuffs too tightly causing pain from low blood circulation, arm twisting, and rough housing. *Id.* On December 12, 2016, the Court adopted findings and recommendations recommending that the action proceed against Matthew and Sturgeon on Plaintiff's unlawful arrest and excessive force claims, and dismissed all other claims and defendants. (ECF No. 25.)

Now before the Court is Plaintiff's Motion Requesting Court Appointed Expert Witness Written Deposition. (ECF No. 48.)

**II. DISCUSSION**

Plaintiff argues that the police reports, phone event reports, and 911 CD concerning his arrest were fabricated. (ECF No. 48.) Plaintiff states it became obvious after closer review that the 911 phone event reports gave contradicting times, suggesting they were fabricated. *Id.* Plaintiff also lists in details various purported contradictions he has identified. Plaintiff requests the appointment of an expert witness to identify any fabrication. *Id.*

Pursuant to Fed. R. Evid. 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." The Court has discretion to appoint a neutral expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Students of California Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term*

*Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. *See Gorton v. Todd*, 793 F.Supp.2d. 1171, 1178-79 (E.D. Cal. 2011). "[E]xpert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. . . . [T]here also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Id.* at 1181. The determination to appoint a neutral expert rests solely in the court's discretion. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.1991)*, vacated on other grounds sub. nom. Helling v. McKinney,* 502 U.S. 903 (1991); *see also Sanders v. York,* 446 F. App'x 40, 43 (9th Cir. 2011).

At this time, there are no pending matters on which the Court may require special assistance from a neutral expert witness, such as to understand a dispute on a motion for summary judgment. Furthermore, an expert witness is not necessary to assist the Court in understanding the evidence or determining a fact in issue in this action. Fed. R. Evid. 702. Plaintiff's allegations are no more complex than those found in a majority of excessive force or unlawful arrest cases pending before this Court. Moreover, Plaintiff has amply identified what he believes are obvious fabrications and contradictions in the records pertaining to his arrest. The Court, when appropriate, is well situated to determine whether Plaintiff's arrest was unlawful in light of Plaintiff's arguments. Accordingly, Plaintiff's motion for the appointment of an expert witness is denied.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion requesting Court Appointed Expert Witness Written Deposition, (ECF No. 48), is DENIED.
IT IS SO ORDERED.

Dated: **October 20, 2017**         /s/ *Erica P. Grosjean*
                              UNITED STATES MAGISTRATE JUDGE