UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW *et al*.,<br><br>    Defendants. | Case No. 1:15-cv-00395-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR TERMINATING SANCTIONS BE GRANTED**<br><br>(ECF No. 55)<br><br>**OBJECTIONS DUE WITHIN THIRTY (30) DAYS** |

**I.  INTRODUCTION**

Phillips Sanders ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983 on March 12, 2015. (ECF No. 1). This action now proceeds on Plaintiff's Second Amended Complaint ("SAC") against City of Fresno Police Officers Mathew Silver s/h/a Matthew and Brian Sturgeon (collectively, "Defendants") for unlawful arrest and excessive force. (ECF Nos. 23, 25).

Now before the Court is Defendants' Motion to Compel Production of Initial Disclosures and Request for Sanctions. (ECF No. 55). Because Plaintiff has failed to provide his initial disclosures for months, even after an extended deadline, this Court recommends that Defendants' motion for terminating sanctions be granted.

\\\

\\\

1

## II. BACKGROUND

On May 5, 2017, the Court issued an order setting an Initial Scheduling Conference for August 8, 2017. (ECF No. 32). The Order provided, "Attendance at the Scheduling Conference is mandatory for all parties. . . . If a party is not represented by counsel, they must appear personally at the Scheduling Conference." *Id.*

On August 22, 2017,[1] the Court held the Scheduling Conference. (ECF No. 49). Plaintiff did not appear at the Conference despite being ordered to do so. *Id.* Nevertheless, the Court issued a Scheduling Conference Order setting an initial disclosures deadline of September 29, 2017. (ECF No. 50).

On October 12, 2017, the Court set a Telephonic Informal Discovery Dispute Conference at the request of Defendants to discuss Plaintiff's failure to provide initial disclosures. (ECF No. 52). Plaintiff telephonically appeared on his own behalf, and Stephanie Snyder telephonically appeared on behalf of Defendants for the Conference on October 23, 2017.[2] (ECF No. 54). The parties discussed Plaintiff's failure to provide his Rule 26 initial disclosures. The Court explained Plaintiff's obligation to serve Rule 26 initial disclosures and the importance of fulfilling the obligation. Specifically, the Court stated,

> There is a requirement to do Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure. Although there are some types of cases that are exempted as described in Rule 26(a)(1)(b), this is not one of them. So, Mr. Sanders does have an obligation and that includes, for example, the name, address, and telephone number of each individual likely to have discoverable information, a copy or a description by category and location of the documents the party may use in support of its claims and defenses, a computation of each category of damages, and insurance which may not be applicable here. . . .
>
> You need to say the people who have information about your claims and those were only the claims that were upheld in this case . . . . [Y]our claim for unlawful arrest, which was claims 4 and 5, and excessive force, which was claims 2 and 6 against Defendants Matthew and Sturgeon. And you need to write out all

---

[1] On July 31, 2017, Plaintiff filed a motion to continue the August 8, 2017 Scheduling Conference for health reasons and to reset the Conference before Chief U.S. District Judge Lawrence J. O'Neill. (ECF No. 44). The Court declined to reset the Scheduling Conference before Chief District Judge O'Neill, but continued the Conference to August 22, 2017. (ECF No. 45).

[2] The October 23, 2017 Telephonic Informal Discovery Dispute Conference was audio recorded. (ECF No. 54). A copy or transcript of the recording is available to the parties upon request.

2

> the people that you think would support those and then you need to just have—you can just have a list of category of documents, especially if you think that the defendants already have the documents, but you do need to do that category.

*Id.* In response, Plaintiff stated that he did not think that Rule 26 applied in this action, but agreed that he would provide the disclosures two weeks from the date of the informal conference. Accordingly, the Court extended the deadline for Plaintiff to serve his Rule 26 initial disclosures to November 6, 2017, warning that a failure to do so could result in sanctions. The Court further granted Defendants leave to file a motion to compel and/or for sanctions if Plaintiff failed to serve his disclosures by the deadline. *Id.* ("After discussion with the parties, plaintiff agrees to serve his Rule 26 Initial Disclosures on defendants by the close of business on 11/6/2017. The Court further grants defendants permission to file a motion to compel or for sanctions, if said disclosures are not served by 11/6/2017.")

On November 7, 2017, Defendants filed a Motion to Compel Production of Initial Disclosures and Request for Sanctions. (ECF No. 55). Defendants assert that Plaintiff did not produce his initial disclosures as ordered by the Court. Defendants request the imposition of sanctions to the extent permitted by law, including monetary sanctions and dismissal of this action.

Plaintiff did not timely oppose the motion. On November 30, 2017, the Court extended Plaintiff's time to respond to the motion to compel. (ECF No. 57). Plaintiff submitted his opposition to the motion to compel on December 28, 2017, arguing that the motion was improperly noticed; that he had received an extension from Defendants until December 22, 2017, to complete his disclosures; and that his father died on November 19, 2017, which further delayed his disclosures. (ECF No. 58). Plaintiff also accused the Court of violating the rules and engaging in favoritism. *Id.* at 4 ("NO ONE FOLLOWED PROPER PROTOCOL EVEN THIS COURT VIOLATED Their OWN CIVIL PROCEDURE CODE HINTING FAVORITSM AT THE END OF THE DAY WIN OR LOST THIS CASE . . . WHEN A SYSTEM CAN BE SO EASILY MANIPULATED IT SLOWLY REPEALS SLAVERY GIVING JUDGES THE POWER OF PLANATION OWNERS WHILE THEY ARE EXEMPT FROM THE LAW BAD AS IT SOUNDS THEY HAVE FIGURED OUT HOW TO

LEGALIZE HUMAN TRAFFICKING BY THROWING ME IN JAIL FOR CHARGES I DID NOT DO PUT FINES ON ME THEN TELL ME TO DO A WORK PROGRAMS.") (capitalization in original).

On February 28, 2018, the Court held a conference on the Motions to Compel and the general status of the case.³ (ECF Nos. 62, 63). Plaintiff appeared telephonically, and Defendants appeared telephonically through counsel, Stephanie Snyder. Plaintiff represented that he had already provided initial disclosures through email correspondence. Specifically, when asked by the Court, "What are the names of the people, when you said you disclosed them, what names did you give?" Plaintiff responded, "Officer Matthews, Officer Sturgeon—Public Defender, I think, Sabrina Ashjian." *Id.* Defense counsel disputed this. The Court gave both parties one week to supplement the record in connection with the motion to compel, including any evidence that Plaintiff has complied with the initial disclosures requirement or any evidence from Defendants that this representation is incorrect.

During the Conference, Plaintiff also admitted that he called defense counsel's office the day before using the false name, "David Jones."

On February 28, 2018, and March 7, 2018, the parties filed supplemental submissions. (ECF Nos. 64, 65). Defendants submitted almost sixty pages of correspondence between the parties. (ECF No. 64). Plaintiff submitted a copy of an email correspondence sent on November 13, 2017, to defense counsel with the subject line, "plaintiffs [sic] Amended Disclosures and attached finding and recommendation order." (ECF No. 65). The email contained responses to "documents requested." In response, on November 16, 2017, defense counsel replied:

> Thank you for your e-mails, however, you still have failed to produce the Initial Disclosures as required by FRCP, and the Court's Order. The responses you are providing are to Special Interrogatories and Requests for Production of Documents, which are discovery requests, separate and distinct from the Initial Disclosure Requirement.

*Id.* Plaintiff did not submit any documents showing he had complied with initial disclosures or otherwise emailed the names of persons with likely to have discoverable information as he

---

³ The February 28, 2018 Conference was audio recorded, (ECF No. 62), and the recording is available to the parties upon request, as well.

4

claimed during the conference. Instead, he discussed his father's death and other personal issues, and claimed that the "city attorney jumped the gun and filed a motion for sanctions while I was trying to comply with by the 22nd for what I feel was a [sic] untimely motion." *Id.* at 2. He then argued that Defendants cannot file a motion to compel if they have not produced their own discovery. *Id.* at 4-5 ("I smell a big rat either the public defender who sent my police reports by email for the discovery of this case or the city attorney who sent the police report by email as there Amended Disclosures are lying guilty of obstruction of justice and accessory to commit [.] this raised a new set of facts that need to be addressed by this court and the department of justice how you can file a motion for failure to compel when you have not provide [sic] proper discovery yourself [.]").

Now before the Court is Defendant's Motion to Compel Production of Initial Disclosures and Request for Sanctions. (ECF No. 55).

## III. DISCUSSION

### A. Local Rule 230

Initially, Plaintiff argues that the motion to compel should be denied because Defendants noticed it to be heard less than twenty-eight days after filing and serving it in contravention of Local Rule 230. Generally, civil motions are to be noticed in accordance with Local Rule 230. However, motions dealing with discovery matters are to be noticed in accordance with Local Rule 251, which provides that a hearing of a discovery motion "may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service." Here, Defendants filed and served their motion to compel on November 7, 2017, and noticed it to be heard on December 1, 2017. Thus, Defendants complied with the applicable local rule.

### B. Motion to Compel

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a) Required Disclosures.
>
> (1) Initial Disclosures.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must,

without awaiting a discovery request, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosures, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Pursuant to Rule 26(a)(1)(c), the disclosing party must make its initial disclosures within fourteen days of the initial scheduling conference or at a time set by stipulation or court order.

"If a party fails to make a disclosures required by Rule 26(a), any other party may move to compel disclosures and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

Plaintiff has not complied with his obligation to provide initial disclosures under Rule 26. Plaintiff represented to the Court he had done so, and even gave specific names he said he had disclosed to Defendants. But, the documents submitted by the parties show otherwise. Plaintiff submitted an email dated November 16, 2017, in which defense counsel wrote, "Thank you for your emails, however, you still have failed to produce the Initial Disclosures as required by FRCP 26, and the Court's Order. The responses you are providing are to Special Interrogatories and Requests for Production of Documents, which are discovery requests, separate and distinct from the Initial Disclosures Requirement." The email further states, "You need to provide responses to all of the special interrogatories. In addition, you must sign your responses, otherwise it is as if no responses were provided. Should I not receive full and complete responses by November 22, 2017, I will request the Court's involvement in this

discovery dispute." Plaintiff did not submit any document showing he had complied with his initial disclosures, in email or otherwise.

The Court also reviewed Defendants' supplemental submission. The almost sixty pages of correspondence between the parties did not reveal any disclosures meeting the requirement of Rule 26(a). It appears that Plaintiff did provide Defendants with responses to discovery requests. It also appears that Plaintiff was told by Defendants on several occasions that these responses did not constitute initial disclosures. In fact, an email correspondence sent by defense counsel on November 7, 2017, stated:

> You did not comply with your discovery obligations. You are required pursuant to FRCP Rule 26 to make initial disclosures. I have served the same to you, so you can see the form and substance of what is required to be disclosed. You have not done that. What you responded to were my written discovery requests, consisting of Special Interrogatories and Requests for Production. You have not properly responded to those either. . . . I will be moving for sanctions for your failure to timely serve initial disclosures, as well.

(ECF No. 64 at 49). In response, Plaintiff stated, "if you want me to copy and paste my reply to your questions I may need a little more time than a week with trial dates so far off we still should have time to get you what you need im [sic] not a atty [sic] I can repeat the info using the docs already in place by copy and paste." *Id.* at 48.

Thus, it appears that Plaintiff did not provide any initial disclosures.

More than five months have elapsed since the expiration of the initial disclosures deadline in this case. Plaintiff was to provide initial disclosures by September 29, 2017, as ordered in the Scheduling Order. (ECF No. 50). Plaintiff was given an extension of time to November 6, 2017, to provide initial disclosures on October 23, 2017, with the Court explaining in plain terms what was needed. (ECF No. 54). Plaintiff was further alerted to the need to submit initial disclosures when Defendants filed their motion on November 7, 2017. (ECF No. 55).

It is also worth noting that Plaintiff has prosecuted several cases in this District, in at least one of which he was required to and did file initial disclosures. *See* Motion to Compel Discovery and Initial Disclosure Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1),

*Sanders v. Aranas*, No. 1:06-CV-01574-AWI-SMS (E.D. Cal. Apr. 1, 2008), ECF Nos. 44, 45. Plaintiff knows what is required of him, but has failed to do so, in violation of the Rules of Civil Procedure and this Court's order.

Moreover, Plaintiff misled the Court by saying at the hearing on this motion that he had emailed initial disclosures including specific names of persons. This was not true.

**C. Sanctions**

    **i. Legal Standard**

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information as required by Rule 26(a) the court may impose appropriate sanctions, including dismissing the action in whole or in part. District courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1). *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014). Nevertheless, the Court must consider five factors before imposing a terminating sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). This multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

Courts may also impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b);

1 L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); *Malone v. United States Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). The Ninth Circuit has held that the same five-factor test utilized in the context of Rule 37 sanctions applies. *Leon,* 464 F.3d at 958 n. 4; *Pagtalunan*, 291 F.3d at 642.

### ii. Analysis

This action has been pending for three years. The Court has set two deadlines for Plaintiff to provide his initial disclosures, both of which have long passed. The Court has twice scheduled hearings in which it explained to Plaintiff his obligation to provide his initial disclosures. Still, Plaintiff has failed to provide the disclosures. On the contrary, Plaintiff has been deceptive with this Court by falsely saying he had sent information. Plaintiff's apparent unwillingness to comply with the Federal Rules, the Court's order, and his own assurances all demonstrate that further time spent on this case will consume scare judicial resources in vain. Non-expert discovery is coming to a close, (ECF No. 50), yet Plaintiff has not complied with the very first discovery obligation of identifying relevant persons and documents. Thus, the first two factors weigh in favor of dismissal.

The third factor —the risk of prejudice to the party seeking sanctions—requires a showing that Plaintiff's actions in this case has "impaired [the defendants'] ability to proceed to trial or threatened to interfere with the rightful decision of the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir.1988). "Prejudice is presumed from unreasonable delay," however. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1238 (9th Cir. 2006). Here, Defendants are prejudiced by Plaintiff's unreasonable delay in providing his initial disclosures. The September 29, 2017 deadline for initial disclosures has expired. The extended deadline, November 6, 2017, has also expired. The April 20, 2018 deadline for non-expert discovery is fast approaching. Still, Defendants are left without basic preliminary information to defend this action. Thus, this factor also weighs in favor of dismissal.

The fifth factor requires the Court to consider alternate, less severe, sanctions before

ordering dismissal. Factor 5 involves consideration of three subparts: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). As the Ninth Circuit has explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 (9th Cir. 1987).

The Court has tried alternatives to secure compliance with litigation procedures. The Court held an informal discovery dispute conference on October 12, 2017. During the conference, the Court explained Plaintiff's obligation to produce initial disclosures, and warned Plaintiff that Defendants would be able to file a motion for sanctions if he did not comply. The Court then extended Plaintiff's time to provide initial disclosures. Plaintiff agreed to provide initial disclosures by the close of business on November 6, 2017. Plaintiff did not do so, and still has not done so. Thus, the fifth factor weighs in favor of dismissal.

"The fourth factor—that public policy favors decisions on the merits—usually weighs against dismissal." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), as amended (July 25, 1994). The fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," however. *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff's failure to provide initial disclosures has impeded progress of this case. Thus, the Court gives this factor little weight.

Plaintiff's dishonesty also favors the sanction of dismissal in this case. Plaintiff was dishonest with the Court when he said he had already provided initial disclosures including the names of specific persons. Plaintiff was dishonest with his opposing counsel when he represented his name was Doug Jones when he called counsel's office. This dishonest conduct

casts further doubt on Plaintiff's ability to follow the rules of this Court.

Four of the five factors strongly favor dismissal of this action. The Court takes the sanction of dismissal very seriously and would not recommend it lightly, especially as a sanction for a failure to provide discovery. However, the Court believes that it is the appropriate sanction here. Plaintiff has failed to comply with the rules or show any willingness to do so in the future. He has ignored rules and court orders and then lied about it. He has not completed the very initial stage of discovery in order to go forward with the case. Accordingly, the Court finds that sanctions are justified, and recommends granting Defendants' motion for terminating sanctions with prejudice. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (finding dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal"); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (upholding terminating sanctions for party's failure to comply with court orders and failure to adhere to scheduled dates for initial disclosures); *BWP Media USA Inc. v. Urbanity, LLC*, 696 F. App'x 795, 797 (9th Cir. 2017) (upholding imposition of sanction "tantamount to dismissing" action for party's failure to provide initial disclosures); *Flanagan v. Benicia Unified Sch. Dist.*, No. CIVS07-0333 LKK GGH, 2008 WL 2073952, at *10 (E.D. Cal. May 14, 2008), *report and recommendation adopted*, No. CIV-S-07-0333LKKGGH, 2008 WL 4353077 (E.D. Cal. Sept. 23, 2008), *aff'd*, 404 F. App'x 187 (9th Cir. 2010), *and aff'd*, 404 F. App'x 187 (9th Cir. 2010) (granting motion to compel and for sanctions for failure to provide complete initial disclosures, and recommending dismissal); *Silva v. United States*, No. 2:12-CV-01785-LKK, 2013 WL 6145252, at *7 (E.D. Cal. Nov. 21, 2013) (recommending dismissal of action as discovery sanction in light of party's failure to provide initial disclosure and failure to comply with court orders); *Ramirez v. Bakersfield Police Dep't*, No. 1:14-CV-00978-JLT, 2015 WL 6447267, at *3 (E.D. Cal. Oct. 23, 2015) (dismissing action for failure to comply with court orders to provide initial disclosures).

\\\

\\\

\\\

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendants' motion to compel and for sanctions, (ECF No. 55), be granted to the extent that this action should be dismissed for Plaintiff's failure to provide initial disclosures and failure to comply with court orders. *See* Fed. R. Civ. 16(f); Fed. R. Civ. P. 37(c)(1)(C), (b)(2)(A)(v); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections.

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 26, 2018**           /s/ Erica P. Grosjean
           UNITED STATES MAGISTRATE JUDGE